IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-160-WKW [WO] |
| ) | |
| MICHAEL J. ASTRUE, *Commissioner of* ) | |
| *Social Security, et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION & ORDER**

On March 25, 2009, the Magistrate Judge filed an order and recommendation ("Recommendation") in this case. (Doc. # 6.) Plaintiff Henry Joiner ("Joiner") filed general objections (Doc. # 7), objections directed specifically to the Recommendation (Doc. # 8), and a motion in rebuttal to the Recommendation (Doc. # 9). The portions of a recommendation to which a defendant objects are reviewed *de novo*. 28 U.S.C. § 636(b)(1).

A *de novo* review of the record and law confirms that the Recommendation (Doc. # 6) to dismiss this case without prejudice should be adopted. The Recommendation finds that 28 U.S.C. § 1915(g) bars Joiner's case because it requires the court to reject Joiner's *in forma pauperis* application.[1] Under § 1915(g), a prisoner cannot bring a civil action as a proceeding *in forma pauperis* if he has, "on 3 or more occasions, while incarcerated . . . brought an action . . . in a court of the United States that was dismissed on the grounds that

---

[1] The Magistrate Judge therefore also ordered that Joiner's motion for leave to proceed *in forma pauperis* (Doc. # 3) be denied. (Recommendation 6.)

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of physical harm." The Recommendation identifies three actions Joiner filed while imprisoned that were dismissed on those grounds, and, as the Recommendation concludes, Joiner's claims that he was wrongfully denied social security benefits "do not allege nor in any way indicate that [he] 'is under imminent danger of serious physical injury.'" (Recommendation 2.)

Joiner's objection that denying him benefits will lead to "imminent threat and danger of physical injury in the form of less concrete injuries, such as mental and emotional distress, emotional pain and suffering [sic], and the personal humiliation of it all" (Doc. # 8, at 2) is conclusory and fails to identify a *serious* or *physical* injury, as the text explicitly and specifically requires. *See, e.g.*, *Harris v. Baldwin*, No. CV507-018, 2007 WL 951810, at *2 (S.D. Ga. Mar. 28, 2007); *cf. Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (describing examples of serious physical injury under the statute). Indeed, the fact that Joiner's injuries are "less concrete" undermines his argument that they are serious, physical, or imminent. Joiner's past physical injuries also do not qualify his application under the exception. "[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). Moreover, finding that Joiner was wrongfully denied social security benefits in *prior* years – the merits of his claim (Doc. # 2 "Conclusion" 7) – would do nothing to remedy any

2

alleged harm that results from a degenerative disease Joiner admits is now being treated (Docs. # 8, at 2, # 9 at 2). The purpose of the exception is to allow for the "'vindication of . . . the right to be free of unwarranted imminent danger of serious physical harm," *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (internal quotation marks and citation omitted), which assumes that hearing the case would protect the right and that resolving the claim in a plaintiff's favor could assuage the harm.

Accordingly, it is ORDERED that:

1.   Joiner's objections (Docs. # 7, 8, 9) are OVERRULED; and

2.   The Recommendation (Doc. # 6) that this case be dismissed is ADOPTED, and the case is DISMISSED without prejudice for failure to pay the full filing fee upon the initiation of the case.

DONE this 29th day of April 2009.

       /s/  W. Keith Watkins
       UNITED STATES DISTRICT JUDGE